UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA DOUGLAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 11-3637 |
| | § | |
| PILGRIM SENIOR CITIZENS HOUSING DEVELOPMENT CORPORATION, | § § § | |
| | § | |
| *Defendant*. | § | |

**ORDER AND FINAL JUDGMENT**

Pending before the court is plaintiff Vanessa Douglas's motion for final default judgment against defendant Pilgrim Senior Citizens Housing Development Corporation ("Pilgrim"). Dkt. 6. For the following reasons, the motion is GRANTED.

**I. BACKGROUND**

On October 12, 2011, plaintiff Vanessa Douglas filed this action for unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Dkt. 1. In her complaint, Douglas alleges that from June 2008 through October 1, 2010, she worked as a security guard for defendant Pilgrim, a corporation engaged in interstate commerce as defined by the FLSA, and that during that period, Pilgrim failed to pay her overtime compensation in violation of the FLSA. *Id.*

Pilgrim was duly served with process on November 29, 2011. Dkt. 4, Ex. A. The summons requires Pilgrim to answer the complaint or file a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days of service. Dkt. 4. To date, Pilgrim has not answered or otherwise made an appearance. Douglas therefore moved for entry of default judgment on April 24, 2012, seeking

unpaid overtime wages, liquidated damages, and attorney's fees and costs for a total of $17,724.00. Dkt. 6.

## II. LEGAL STANDARD AND ANALYSIS

Douglas's claim arises from the FLSA, which requires nonexempt workers to be paid overtime compensation at a rate of not less than one and one-half times their regular rate of wage. 29 U.S.C. §§ 201 *et seq*. Pilgrim was served with process on November 29, 2011, but has not yet responded. Plaintiff therefore moved for entry of default judgment, seeking damages including $7,092.00 in unpaid overtime wages, $7,092.00 in liquidated damages, $3,130.00 in attorney's fees and $410.00 in costs, for a total of $17,724.00. Dkt. 6.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). By defaulting, a defendant admits to the well-pleaded facts in the complaint, except those relating to the amount of damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002). The Local Rules of the Southern District of Texas further specify that a motion for default judgment "must be served upon the defendant via certified mail, return receipt requested." S.D. Tex. L.R. 5.5.

In this case, Pilgrim was served with process on November 29, 2011. Dkt. 4, Ex. A. On April 24, 2012, Douglas mailed Pilgrim a copy of the motion for default judgment via certified mail, return receipt requested, in compliance with Local Rule 5.5. Dkt. 6. Pilgrim has not responded. Given Pilgrim's failure to defend the case in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award relief sought by Douglas.

Under the FLSA, an employer who fails to pay the overtime rate to its employees will be liable for the unpaid overtime wages and "an additional equal amount as liquidated damages." 29 U.S.C.

2

§ 216 (b) (2006).  The court shall also include in its judgment costs of suit and reasonable attorney's fees.  *Id.*  For an employer to avoid liquidated damages, it must first show to the satisfaction of the court that its failure to obey the statute was both in good faith and reasonable.  29 U.S.C. § 260.  *See also Nero v. Industrial Molding Corp.*, 167 F.3d 921, 921 (5th Cir. 1999).  In determining reasonable attorney's fees, the Fifth Circuit uses the "lodestar" method, multiplying the number of hours reasonable spent on the case by an appropriate hourly rate in the community for similar work.  *See Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006).  Although the court may then adjust the number upward or downward depending on circumstances of the case, a strong presumption of the reasonableness of the lodestar amount exists.  *See id.*; *see also*, *La. Power & Light Co. v. Keelstrom*, 50 F.3d 319, 324-25 (5th Cir. 1995).  Moreover, in assessing damages, the court may "rely simply on affidavits."  *See* Fed. R. Civ. P. 55 (commentary on default judgment by court).  Where the amount of damages can be made certain by computation, a hearing is not necessary.  *Id.*

In this case, Douglas has submitted a declaration, stating that from June 2008 through October 1, 2010, she worked as a security guard for Pilgrim, and that during that period, she worked a total of 1,773 overtime hours for which she was only paid a regular hourly wage of $8.00 per hour.  Dkt. 6, Ex. 1.  Douglas claims that she is therefore owed $4.00 for each hour of overtime worked for a total of $7,092.00.  *Id.*  The court finds that a security guard is a nonexempt worker as defined by the FLSA.  It further finds that the amount of compensatory damages as fixed in Douglas's declaration is appropriate.  Moreover, since Pilgrim has defaulted and has not met its burden of showing good faith and reasonableness, liquidated damages are also appropriate in this case.  Accordingly, the court awards Douglas unpaid overtime wages in the amount of $7,092.00 and liquidated damages in the same amount, for a total of $14,184.00.

Douglas also submitted a declaration in support of her request for attorney's fees and costs. Dkt. 6, Ex. 2. The declaration of her attorney and the attached billing record have detailed the charges and the expenses incurred. *Id.* The court has reviewed the billing record, and found it to be well-documented and the charges to be reasonable. Accordingly, the plaintiff is awarded attorney's fees in the amount of $3,130.00 and costs in the amount $410.00.

## III. CONCLUSION

For the foregoing reasons, Douglas's motion for default judgment is GRANTED. It is ORDERED that Pilgrim is liable for and Douglas is AWARDED the following damages:

1. Compensatory damages in the sum of $7,092.00;

2. Liquidated damages in the sum of $7,092.00;

3. Attorney's fees in the sum of $3,130.00;

4. Costs of the action in the sum of $410.00.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on June 6, 2012.

_____
Gray H. Miller
United States District Judge