UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA DOUGLAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-3637 |
| | § | |
| PILGRIM SENIOR CITIZENS HOUSING DEVELOPMENT CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Pilgrim Senior Citizens Housing Development Corporation's ("Pilgrim") motion to vacate default judgment, in which Pilgrim contests the sufficiency of the service of process effected upon it. Dkt. 9. For the reasons explained below, the court concludes that plaintiff Vanessa Douglas ("Douglas") has not served Pilgrim with process consistent with Federal Rule of Civil Procedure 4(h)(1)(B), and Pilgrim's motion to vacate default judgment is GRANTED.

**I. BACKGROUND**

On October 12, 2011, Douglas filed her complaint for unpaid overtime wage compensation under the Fair Labor Standards Act ("FLSA"). Dkt. 1. Douglas alleges that from June 2008 through October 2010, she worked as a security guard, and Pilgrim failed to pay her overtime compensation during that period. *Id.*

Debra Washington, a Pilgrim employee, was allegedly served with process on November 29, 2011. Dkt. 11-2, Ex. A. Although the summons required Pilgrim to answer the complaint or file a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days of service, Dkt. 4,

Pilgrim did not answer or otherwise make an appearance. Douglas therefore moved for entry of default judgment on April 24, 2012, seeking unpaid overtime wages, liquidated damages, and attorneys' fees and costs totaling $17,724.00. Dkt. 6. On June 6, 2012, the court granted the motion and entered final judgment against Pilgrim. Dkt. 7.

On June 19, 2012, Pilgrim filed a motion to vacate the default judgment. Dkt. 9. Pilgrim asserts that it was never served and did not receive notice of the case until May 31, 2012. *Id.* Debra Washington submitted an affidavit asserting that she has "never been served in ... [this] cause of action as alleged in the proof of service signed by William Cooke," nor was she authorized by Pilgrim to accept service of process on its behalf. Dkt. 9-1, Ex. A.

William Cooke, the process server hired by Douglas to perfect service upon Pilgrim, submitted an affidavit asserting that he "personally served a woman who introduced herself as Debra Washington" at Pilgrim's place of business and Washington told him "that the registered agent rarely comes in but she was authorized to accept [on] his behalf." Dkt. 11-2. In support of his affidavit, Cooke attaches a photograph he took while serving a woman who introduced herself as Debra Washington and a business card allegedly given to him by Washington. Dkt. 11-2, Ex. A.

## II. ANALYSIS

### 1. Applicable Law

Absent proper service of process, the court lacks personal jurisdiction over the defendant, and any default judgment against the defendant is void. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Service of process may be completed by delivering a copy of the summons and the complaint to "an officer, managing or general agent, or other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

A party vested with general powers involving the exercise of independent judgment and discretion is such an agent. *Jim Fox Enters., Inc. v. Air France*, 664 F.2d 63, 64 (5th Cir. 1981). The person served should be "responsible for any substantial aspect of the corporation's operations, i.e. [is] a managing or general agent." *Fyfee v. Bumbo Ltd.*, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009). The Fifth Circuit takes an even more restrictive view of these rules, holding that the corporate entity sought to be served must have actually authorized the agent to accept service of process on its behalf. *Lisson v. ING Groep*, 262 F. App'x 567, 569 (5th Cir. 2007) (per curiam). In other words, "delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents [herself] to be so authorized or accepts service." *Lisson*, 262 F. App'x at 570 (quoting *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401 at *2 (E.D. La. June 10, 1991)).

**2. Application of Law to Facts**

"When service of process is challenged, the serving party bears the burden of proving its validity." *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Plaintiff fails to meet this burden. Plaintiff merely argues, citing Cooke's affidavit, that "Washington presented herself as an agent authorized to accept service on behalf of the defendant." Dkt. 11. However, as stated above, absent proof of actual authority, "delivery to a purported agent does not constitute service on the would-be principal." *Lisson*, 262 F. App'x at 570. Douglas offers no evidence that Ms. Washington actually is as an officer, managing agent, general agent, or any other agent authorized by appointment or by law to receive service of process, and Washington has denied under oath that she is authorized to accept service. Dkt. 9-1, Ex. A. Plaintiff has not shown that defendant was validly served with process under Rule 4(h).

### III. Conclusion

Pilgrim's motion to vacate default judgment (Dkt. 9) is GRANTED. The clerk is instructed to enter defendant's proposed answer, attached to its motion to vacate, as a separate docket entry as of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on August 9, 2012.

_____
Gray H. Miller
United States District Judge